UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

00-6123

CIV-GRAHAM

     Plaintiffs,

MAGISTRATE JUDGE
TURNOFF

v.

TOWER AIR, INC.,

     Defendant.

_____/

## DEFENDANT, TOWER AIR, INC.'S NOTICE OF REMOVAL

Defendant, TOWER AIR, INC. (hereinafter referred to as "TOWER AIR"), by and through

undersigned counsel, files this second Notice of Removal to remove the foregoing case from the

Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United

States District Court for the Southern District of Florida, Civil Division, and respectfully shows this

Court the following:

### I. STATEMENT OF THE GROUNDS FOR REMOVAL

1.    This removal is based on diversity of citizenship with the amount in controversy

exceeding the sum of $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332, *et.*

*seq.*



## II. STATEMENTS APPLICABLE TO REMOVAL UNDER DIVERSITY JURISDICTION

2.      A civil action was commenced in the Seventeenth Judicial Circuit Court in and for Broward County, State of Florida, styled *Charles Brotstein, Regina Kula, individually, and Joseph Kula, as spouse of Regina Kula, v. Tower Air, Inc.* with case number 99-19744 CACE 21.[1]

3.      Plaintiffs filed this action for injuries allegedly sustained when they were passengers on a flight operated by Defendant, TOWER AIR, between Miami International Airport and New York's John F. Kennedy Airport. At all times material hereto, Plaintiffs were residents and citizens of Broward County, Florida, claiming damages. *See* paragraph 2 of Plaintiffs' Complaint.

4.      Defendant, TOWER AIR, is a foreign corporation registered under the laws of and with its principal place of business in New York.

5.      Defendant, TOWER AIR, seeks removal to the Southern District of Florida, the district in which the action is now pending.

6.      This Notice is filed within thirty (30) days of receipt of Plaintiffs' responses to Request for Admissions wherein Plaintiffs admit that they are seeking in excess of $75,000.00 in damages.

7.      Following the filing of this Notice with the Court, written notice of the filing of same will be provided to Plaintiffs' attorney, as required by law.

---

[1]Defendant attempted to remove this case on December 16, 1999; however, by Order dated January 5, 2000 United States District Judge Joan A. Lenard held that the court lacked subject matter jurisdiction as there was no evidence that the amount in controversy exceeded $75,000.00 and accordingly, remanded the case. *See* Order Remanding Case, Case No. 99-7645-CIV-Leonard/Turnoff, a copy attached hereto as Exhibit "A". Successive removals are permitted under 28 U.S.C. § 1446(b). *See O'Bryan v. Chandler*, 356 F. Supp. 714 (D.C. Okl. 1973), *affirmed* 496 F.2d 403, *cert. denied* 419 U.S. 986, *rehearing denied* 420 U.S. 913.

2

8.      Following the filing of this Notice with this Court, a true and correct copy of same will be filed with the Clerk of the Seventeenth Judicial Circuit Court in and for Broward County, State of Florida, as required by law.

9.      Pursuant to Section 1446(a) of Title 28 of the United States Code, true and correct copies of all process and pleadings filed in this action are attached hereto as Composite Exhibit "B".

### III. REMOVAL BASED ON DIVERSITY JURISDICTION

10.     This action may be removed to this Court by Defendant, TOWER AIR, pursuant to Section 1441 of Title 28 of the United States Code which states:

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim arising under the Constitution, treatises or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b).

11.     This Court has jurisdiction of this action under the provisions of Section 1332 of Title 28 of the United States Code, which states in pertinent parts:

> (a)     The district court shall have original jurisdiction of all civil actions were the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between –
>
> > (1)     citizens of different States;
> >
> > (2)     citizens of a State and citizens or subjects of a foreign state;
> >
> > (3)     citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

3

>  (4)   a foreign state, defined in section
>        1603(a) of this title, as plaintiff and
>        citizens of a State or of different
>        States.

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332(a).

12.    With respect to determining the citizenship of a corporation, Section 1332(c) of Title 28 of the United States Codes provides in pertinent part:

>  (1)   a corporation shall be deemed to be a citizen of any
>        State by which is has been incorporated and of the
>        State where it has its principal place of business,
>        except that in any direct action against the insurer of
>        a policy or contract of liability insurance, whether
>        incorporated or unincorporated, to which action the
>        insured is not joined as a party-defendant, such insurer
>        shall be deemed a citizen of the State of which the
>        insured is a citizen, as well as any State by which the
>        insurer has been incorporated and of the State where
>        it has its principal place of business;

28 U.S.C. § 1332 (c)(1).

13.    The Complaint demands compensatory damages in excess of $15,000.00 (exclusive of interest and costs). However, in response to Request for Admissions, Plaintiffs have admitted that they are seeking more than $75,000.00 for each Plaintiff, Charles Brotstein and Plaintiffs, Regina and Joseph Kula as damages in this case. *See* copies of Request for Admissions and Plaintiffs' Answers collectively attached hereto as Exhibit "C" and incorporated herein as part of this Notice of Removal.

14.    Plaintiffs and Defendant are citizens of different states. Specifically, at all materials time hereto, Plaintiffs resided in the State of Florida specifically Broward County, Florida. *See*

4

Complaint, paragraph 2 and Plaintiffs' responses to items 3 through 6 of Defendant's Request for Admissions, copies attached hereto as Exhibit "C" and incorporated herein as part of this Notice of Removal. Accordingly, Plaintiffs are citizens of the State of Florida.

15.    At all materials time hereto, Defendant, TOWER AIR was and is incorporated and has its principal place of business outside of the State of Florida.[2] Specifically, Defendant, TOWER AIR was and has been a company incorporated under the laws of the State of New York with its principal place of business in the State of New York. *See* paragraph 4 of the Affidavit of Philip R. Brookmeyer, attached hereto as Exhibit "D" and incorporated herein as part of this Notice of Removal. Accordingly, TOWER AIR was and is a resident and citizen of the State of New York.

16.    At all material times, Defendant, TOWER AIR was and is not a resident nor citizen of the State of Florida, in that it has never been incorporated under the laws of the State of Florida and does not have a principal place of business in the State of Florida. *See* paragraph 5 of the Affidavit of Philip R. Brookmeyer attached hereto as Exhibit "D" and incorporated herein as part of this Notice of Removal. Defendant, TOWER AIR is therefore, not a resident nor citizen of the State of Florida and there is complete diversity among the parties.

17.    Further, the requirements of Section 1441(b) of Title 28 of the United States Code have been met since the party in interest, Defendant, TOWER AIR, is not a citizen of Florida, the state in which this action was brought.

---

[2] In determining whether diversity of citizenship exists, a court is to review the facts presented not only in the Complaint, but in the entire record. *Davis v. Cluet, Peabody & Co.*, 667 F.2d 1371, 1373 n.6 (11th Cir. 1982) (citing *Villareal v. Brown Express, Inc.*, 529 F.2d 1219 (5th Cir. 1979); 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3734 (1976)); *Lauderdale Tower Associates v. First Nat.'l Bank of Chicago*, 439 F. Supp. 195, 196 (S.D. Fla. 1977). See also, *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572, 574 (S.D. Ala. 1986); *Keller v. Carr*, 534 F. Supp. 100, 103 (W.D. Ark. 1981).

5

18.   Accordingly, this action is removable, in its entirety, to this Court pursuant to Sections 1441(b) and 1332(1)(a) and (c) of Title 28 of the United States Code.

## V. CONCLUSION

19.   Complete diversity exists because Plaintiffs are citizens of the State of Florida, the Defendant is incorporated in a state other than the State of Florida and has its principal place of business outside of the State of Florida. Furthermore, Defendant is not a citizen of the State of Florida. Plaintiffs have admitted through Request for Admissions that they are claiming damages in excess of $75,000.00 for each Plaintiff, Charles Brotstein and Plaintiffs, Regina and Joseph Kula, exclusive of interest and costs. Accordingly, there is original jurisdiction in this Court and Defendant, TOWER AIR, respectfully requests this action proceed in this Court as an action properly removed pursuant to Section 1441(b) and 1332(a) and (c) of Title 28 of the United States Code.

| STATE OF FLORIDA | ) | |
|---|---|---|
| | ) | ss |
| COUNTY OF DADE | ) | |

I HEREBY VERIFY that the statements contained in the foregoing are true and correct to the best of my knowledge, information and belief.

_____
ANA MARIA MARIN

SWORN TO AND SUBSCRIBED before me this 26th day of January, 2000.

_____
NOTARY PUBLIC, State of Florida

My Commission Expires:



6

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this _24_ day of January, 2000 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida 33130
> Tel: (305) 446-2646
> Fax: (305) 441-2374
>
> By: _____
> **ANA MARIA MARIN**
> Florida Bar No. 823007
> **MANUEL A. GURDIAN**
> Florida Bar No. 162825

H:\Library\51647\plead\REMOVAL NOT02.wpd

7

THORNTON, DAVIS & MURRAY, P.A., ATTORNEYS AT LAW
BRICKELL BAY VIEW CENTRE, SUITE 2900, 80 SOUTHWEST 8TH STREET, MIAMI, FLORIDA 33130 · TELEPHONE (305) 446-2646

E. x - A



RECYCLED PAPER

CERTIFICATE OF CLERK

STATE OF FLORIDA      )

COUNTY OF BROWARD     )

I. ROBERT E. LOCKWOOD, Clerk of the Circuit Court for
Broward County, State of Florida, do hereby certify that
the foregoing pages contain a true and correct copy of those
certain papers on file, and on Public Record in the case of:

CHARLES DROTSFEIN

vs. Tower AiR, inc

in Civil Action Case Number. 99-19744 as follows:

WITNESS my hand and Official Seal at Fort Lauderdale,
Florida, this 21 day of JAN A.D. 19 2000

ROBERT E. LOCKWOOD
Clerk of the Circuit Court
Broward County, Florida

By
Deputy Clerk

ORIGINAL CACE



IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL IN AND FOR ~~DADE~~ COUNTY  FLORIDA
*Broward*

CASE NO:

<u>CIVIL ACTION SUMMONS</u>    99015744
FB#0103690

CHARLES BROTSTEIN,
REGINA KULA, individually, and
JOSEPH KULA, as spouse of
REGINA KULA,

    Plaintiffs,

vs.

TOWER AIR, INC.,

    Defendant,

_____/

RECD *11-18-99* TIME *12:07 pm*
SERVED UPON *Anne Boutilier*
TYPE OF SERVICE *Corp.*
DATE *11-19-99* TIME *1:30 pm*
BY *D. Schwartz #261*
_____

TO EACH SHERIFF OF THE STATE:

   You are commanded to serve this Summons and a copy of the Complaint in this lawsuit on the
Defendant named below:

TO:  Tower Air, Inc.
   C/o CT Corporation System
   1200 S. Pine Island Road
   Plantation, Fl. 33324

        <u>IMPORTANT</u>

   A lawsuit has bee filed against you,  You have 20 days after this summons is served on you to file
a written response to the attached complaint in this Court.  A phone call will not protect you; your written
response, including the above case number and named parties, must be filed if you want the Court to hear your
case.  If you do not file your response on time, you may lose your case and your wages, money and property
may thereafter be taken without further warning from the Court.  There are other legal requirements.  You may
want to call an attorney right away.  If you do not know an attorney you may call an attorney referral service or
a legal aid office.

   I you choose to file a written response yourself, at the same time you file your response to the
Court, located at:

   DADE COUNTY COURTHOUSE
   Clerk of the Court
   201 S. E. 6 St.
   Ft. Lauderdale, Fl. 33304

FIRST PRIORITY PROCESS SERVICE
150 W. FLAGLER ST.  SUITE 2100
MIAMI, FL 33130
305-856-9431

you must also mail or take a carbon copy or photocopy of your written response to the Plaintiff's attorney named below.

Neil M. Gonzalez, Esq.
BERNSTEIN & MARYANOFF, P.A.s
8125 S. W. 120 St.
Miami, Fl. 33156
(305) 253-1000

NOV 1 8 1999

ROBERT E. LOCKWOOD

CLERK OF THE CIRCUIT COURT

BY: _____
        Deputy Clerk

COURT SEAL

Dated: 11/15/99

## RETURN OF SERVICE

| | | |
|---|---|---|
| State of Florida | County of Broward | 17th Judicial Circul Court |

Case Number: 99-19744 CACE 21

Plaintiff:
**CHARLES BROTSTEIN, REGINA KULA, et al.,**

vs.

Defendant:
**TOWER AIR, INC.,**

For:
Neil M. Gonzalez, Esquire
Bernstein & Maryanoff, P.A.
8125 S.W. 120th Street
Miami FL 33156

*ORIGINAL DOCUMENT FILED WITH COURT*

Received by FIRST PRIORITY PROCESS SERVICE on the 18th day of November, 1999 at 12:07 pm to be served on **TOWER AIR INC., C/O CT CORPORATION SYSTEM AT 1200 S. PINE ISLAND ROAD, PLANTATION, FLORIDA 33324.**

I, Jolene Schwartz, Process Server, do hereby affirm that on the **19th day of November, 1999** at **1:30 pm, I:**

Served the within named corporation by delivering a true copy of the **Civil Action Summons and Complaint** with the date and hour of service endorsed thereon by me to ANNE BOUTILIER as **Registered Agent** of the within named corporation, in compliance with State Statutes.

I certify that am over the age of 18, have no interest in the above action, am a Sheriff's Appointed Process Server in the Seventeenth Judicial Circuit in good standing in the county in which the process was served. "Under penalty of perjury, I declare that I have read the foregoing Return of Service and that the facts stated in it are true."

Jolene Schwartz, Process Server
S.A.P.S. #261

**FIRST PRIORITY PROCESS SERVICE**
**150 West Flagler St.**
**Suite 2100**
**Miami, FL 33130**
**(305) 856-9431**
Our Job Serial Number: 1999005945
Ref. Number: CHARLES/TOWER

Copyright © 1992-1999 Database Services, Inc. - Process Server's Toolbox V5.3c



CACE

## CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

**21**

IN THE CIRCUIT COURT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.

**99019744**

CHARLES BROTSTEIN,
REGIN KULA, individually, and
JOSEPH KULA, as the spouse of
REGINA KULA,
     Plaintiff(s),
vs.
TOWER AIR, INC.,
     Defendant(s),

1999 NOV 18 PM 1: 57

TYPE OF CASE (Place an X in one box only. If the case fits more than one type of case, select the most definitive.)

| DOMESTIC RELATIONS | | TORTS | | OTHER CIVIL | |
|---|---|---|---|---|---|
| __ | Simplified Dissolution | __ | Professional Malpractice | __ | Contracts |
| __ | Dissolution | __ | Products Liability | __ | Condominium |
| __ | Support-IV-D | __ | Auto Negligence | | Real Property/ Mortgage |
| __ | Foreclosure Support-None-IV-D | | | | |
| __ | URESA-IV-D | __ | Other Negligence | __ | Eminent Domain |
| __ | URESA-Non-IV-D | | | | |
| | | X | Other | __ | Other |
| __ | Domestic Violence | | | | |
| __ | Other Domestic Relations | | | | |

IS JURY TRIAL DEMANDED IN COMPLAINT?

   X  YES         __ NO

DATED: _11/15_____, 1999

_____
Signature of Attorney for Plaintiff(s)

CACE



IN THE CIRCUIT COURT OF THE
17th JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: **99019744**

Florida Bar No. 0103690

CHARLES BROTSTEIN,
REGINA KULA, individually, and JOSEPH
KULA, as the spouse of REGINA KULA,

        Plaintiffs,

v.

TOWER AIR, INC.,

        Defendant.

_____/

## COMPLAINT

    Plaintiffs, CHARLES BROTSTEIN and REGINA KULA, sue Defendant, TOWER

AIR , INC., and allege as follows:

    1.    This action is within the jurisdictional limits of this Court for damages in

excess of $15,000, exclusive of interest and costs.

    2.    At all times material, Plaintiffs were residents of Broward County, Florida.

    3.    At all times material Defendant, TOWER AIR , INC., was a foreign

corporation authorized to do and doing business in Broward County, Florida.

## ALLEGATIONS COMMON TO ALL COUNTS

    4.    At all times material, TOWER AIR, INC., was a common carrier operating

flights from Miami to New York City.

    5.    On or about August 12, 1998, Plaintiffs were passengers on TOWER AIR,

INC.'S flight 44, Miami to New York's Kennedy Airport.

6.    At the time of landing the airliner's engines caught fire causing the plane to come to an abrupt stop, causing injury to the Plaintiffs.

## COUNT I
## CHARLES BROTSTEIN V. TOWER AIR, INC.
### (NEGLIGENCE)

7.    Plaintiff CHARLES BROTSTEIN, adopts and realleges the allegations set forth in paragraphs 1 through 6 as if specifically set forth herein, and further alleges:

8.    At all times material to this Complaint, TOWER AIR ,INC., was the owner operator of the airplane used on the August 12, 1998 flight from Miami to New York.

9.    At all times material, TOWER AIR, INC., owed a duty to Plaintiff, an invitee, a reasonably safe flight.

10.    Notwithstanding such duty, TOWER AIR, INC., breached its duty and committed the following negligent acts and omissions which were the legal cause of Plaintiff's injury:

        a.    Failed to use reasonable care in inspecting the airliner;

        b.    Failed to provide safety instructions in case of emergency;

        c.    Failed to ensure that the engines were in proper working order;

        d.    Any and all other acts of negligence not yet determined.

11.    Defendant, TOWER AIR, INC., knew or should have known of the foregoing conditions which caused Plaintiff's injuries and did not correct them, or, in the alternative, the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care, should have learned of them and corrected them.

12.    As a direct and proximate result of the negligence of TOWER AIR, INC., and its agents, Plaintiff, CHARLES BROTSTEIN, suffered severe bodily injuries and resulting pain, suffering, disability, disfigurement, loss of capacity for the enjoyment of life, incurred medical

expenses in the treatment and care of these injuries, loss of earnings and permanent diminishment

of working ability and loss of ability to earn money in the future. Plaintiff has in the past and will

in the future be compelled to incur debts for medical care in the treatment of these injuries.

**WHEREFORE**, Plaintiff, CHARLES BROTSTEIN, demands judgment against

Defendant, TOWER AIR, INC., for compensatory damages, court costs, prejudgment interest,

and all other damages this Court deems just and equitable.

**COUNT II**
**REGINA KULA V. TOWER AIR, INC.**
**(NEGLIGENCE)**

13.     Plaintiff, REGINA KULA, adopts and realleges the allegations set forth in

paragraphs 1 through 6 as if specifically set forth herein, and further alleges:

14.     At all times material to this Complaint, TOWER AIR ,INC., was the owner

operator of the airplane used on the August 12, 1998 flight from Miami to New York.

15.     At all times material, TOWER AIR, INC., owed a duty to Plaintiff, an invitee, a

reasonably safe flight.

16.     Notwithstanding such duty, TOWER AIR, INC., breached its duty and

committed the following negligent acts and omissions which were the legal cause of Plaintiff's

injury:

    d.     Failed to use reasonable care in inspecting the airliner;

    e.     Failed to provide safety instructions in case of emergency;

    f.     Failed to ensure that the engines were in proper working order;

    d.     Any and all other acts of negligence not yet determined.

17.     Defendant, TOWER AIR, INC., knew or should have known of the foregoing

conditions which caused Plaintiff's injuries and did not correct them, or, in the alternative, the

conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable

3

care, should have learned of them and corrected them.

18.     As a direct and proximate result of the negligence of TOWER AIR, INC., and

its agents, Plaintiff, REGINA KULA, suffered severe bodily injuries and resulting pain, suffering,

disability, disfigurement, loss of capacity for the enjoyment of life, incurred medical expenses in the

treatment and care of these injuries, loss of earnings and permanent diminishment of working

ability and loss of ability to earn money in the future.  Plaintiff has in the past and will in the future

be compelled to incur debts for medical care in the treatment of these injuries.

**WHEREFORE,** Plaintiff, REGINA KULA, demands judgment against Defendant,

TOWER AIR, INC., for compensatory damages, court costs, prejudgment interest, and all other

damages this Court deems just and equitable.

## COUNT III
## (LOSS OF CONSORTIUM)

The Plaintiff, JOSEPH KULA, by and through the undersigned attorneys, sues Defendant,

TOWER AIR, INC., and alleges:

19.     Plaintiff realleges the allegations in paragraphs 1 through 6, 14 through 18.

20.     At the time of said accident, and at all other times material to this complaint,

Plaintiff, JOSEPH KULA , was the spouse of Plaintiff REGINA KULA.

21.     As a direct and proximate result of the aforesaid negligence of the Defendant,

Plaintiff, JOSEPH KULA, suffered in the past and will in the future continue to suffer the loss of

spousal comfort, society, services, and consortium of REGINA KULA.

WHEREFORE, Plaintiff, JOSEPH KULA, demands judgment for damages and any other

relief this Court may deem just and proper against Defendant, TOWER AIR, INC., and demands

trial by jury of all issues triable as of right by jury.

## DEMAND FOR JURY TRIAL

4

Plaintiffs, demand a jury trial of all issues so triable as a matter of right.

Dated November 15, 1999.

BERNSTEIN AND MARYANOFF, P.A.s
Attorneys for Plaintiff
8125 SW 120th Street
Miami, FL 33156
(305) 253-1000

_____
NEIL M. GONZALEZ, ESQ.

5



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

     Plaintiffs,

v.

TOWER AIR, INC.

     Defendant.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, TOWER AIR, INC. (hereinafter referred to as "TOWER AIR"), by and through

its attorneys Thornton, Davis & Murray, P.A. and Condon & Forsyth, answers Plaintiffs' Complaint

as follows:

### AS TO THE GENERAL ALLEGATIONS

1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations asserted in paragraphs 1 and 2 of the Complaint.

2.     Admits the allegations in paragraph 3 of the Complaint.

3.     Denies the allegations in paragraph 4 of the Complaint, except TOWER AIR admits

that it is engaged in the business of transportation of persons by air, and that it operates flights to and

from Miami International Airport.

4.     Denies the allegations in paragraphs 5 and 6 of the Complaint.

CASE NO.: 99-19744 CACE 21

## COUNT I
## CHARLES BROTSTEIN V. TOWER AIR, INC.
### (NEGLIGENCE)

5.    Answering paragraph 7 of the Complaint, TOWER AIR repeats, reiterates and realleges each and every admission, allegation and denial in paragraphs 1 through 4 of this Answer as if set forth fully and at length herein.

6.    Denies the allegations in paragraphs 8, 9, 10 (a through d), 11 and 12 of the Complaint.

## COUNT II
## REGINA KULA V. TOWER AIR, INC.
### (NEGLIGENCE)

7.    Answering paragraph 13 of the Complaint, TOWER AIR repeats, reiterates and realleges each and every admission, allegation and denial in paragraphs 1 through 4 of this Answer as if set forth fully and at length herein.

8.    Denies the allegations in paragraphs 14, 15, 16 (d, e, f, d [sic]), 17 and 18 of the Complaint.

## COUNT III
## (LOSS OF CONSORTIUM)

9.    Answering paragraph 19 of the Complaint, TOWER AIR repeats, reiterates and realleges each and every admission, allegation and denial in paragraphs 1 through 4 and 8 of this Answer as if set forth fully and at length herein.

10.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 20.

11.    Denies the allegations in paragraph 21 of the Complaint.

2

CASE NO.: 99-19744 CACE 21

Any and all allegations and averments not specifically admitted herein are denied and strict proof is demanded.

## AFFIRMATIVE DEFENSES

### As and for a First Affirmative Defense

TOWER AIR asserts that Plaintiffs' injuries and/or damages, if any, were caused or contributed to by the negligence or culpable conduct of Plaintiffs' own negligence. TOWER AIR is, therefore, not liable to Plaintiffs or, alternatively, the amount of damages recoverable by Plaintiffs must be diminished in the proportion which the negligence or culpable conduct attributable to Plaintiffs bear to the negligence or culpable conduct which caused the damage.

### As and for a Second Affirmative Defense

TOWER AIR asserts that Plaintiffs' injuries, if any, arising from the alleged incident, are solely and proximately the result of actions and/or negligence of other parties, persons, firms or corporations over whom TOWER AIR had no control or duty to control, and for whose actions TOWER AIR cannot be held responsible or legally liable. Accordingly, if TOWER AIR is found to be liable to Plaintiffs, said liability which TOWER AIR expressly denies, should only be for that portion of damages, if any, due to its own fault and not the fault of others over whom TOWER AIR had no control.

### As and for a Third Affirmative Defense

TOWER AIR asserts that the incident and injuries alleged in Plaintiffs' Complaint were the result of intervening and unforeseeable causes for which TOWER AIR had no duty to protect Plaintiffs.

3

CASE NO.: 99-19744 CACE 21

### As and for a Fourth Affirmative Defense

TOWER AIR asserts that the injuries sustained by Plaintiffs, if any, were caused by pre-existing or unrelated medical conditions, disease, illness or infection and not caused by or aggravated by any alleged act on the part of TOWER AIR.

### As and for a Fifth Affirmative Defense

TOWER AIR asserts that Plaintiffs have failed to mitigate their losses, if any. Accordingly, Plaintiffs are thereby barred in whole or in part from any recovery.

### As and for a Sixth Affirmative Defense

TOWER AIR asserts that it is entitled to all rights and privileges under Florida Statute Section 768.76, including, but not limited to the reduction of any amount awarded to Plaintiffs by the total of all amounts which have been paid for the benefit of Plaintiffs, or which are otherwise available to them, by or from any collateral source.

### As and for a Seventh Affirmative Defense

TOWER AIR asserts that if it is liable to Plaintiffs, which liability TOWER AIR expressly denies, then TOWER AIR is entitled to a set-off for all settlements/benefits received by Plaintiffs.

### As and for an Eighth Affirmative Defense

TOWER AIR asserts that it is entitled to an apportionment of damages pursuant to Florida Statute Section 768.81 with respect to any named party or non party who is or may be at fault for the injuries and damages allegedly suffered by Plaintiffs.

4

CASE NO.: 99-19744 CACE 21

### As and for a Ninth Affirmative Defense

The Complaint should be dismissed pursuant to the doctrine of *forum non convenience*.

### As and for a Tenth Affirmative Defense

Plaintiffs' request for prejudgment interest should be stricken and/or denied as there is no basis in law, stated or recognizable, entitling Plaintiffs to pre-judgment interest.

### As and for an Eleventh Affirmative Defense

TOWER AIR reserves the right to sever the causes of action brought by the individual Plaintiffs as provided by Florida Rules of Civil Procedure 1.250 and 1.270, or other appropriate Florida law.

Defendant reserves the right to raise any additional affirmative defense(s) which may be discovered through participation and discovery in this cause.

WHEREFORE, Defendant, TOWER AIR, INC., demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability pursuant to the foregoing, together with costs and disbursements of defending the within action and all other just and proper relief under the circumstances.

5

CASE NO.: 99-19744 CACE 21

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this 9th day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida  33130
> Tel:  (305) 446-2646
> Fax:  (305) 441-2374
>
> By: _____
>    ANA MARIA MARIN
>    Florida Bar No. 823007
>    MANUEL A. GURDIAN
>    Florida Bar No. 162825

H:\Library\51647\plead\answer.wpd

6



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

     Plaintiffs,

v.

TOWER AIR, INC.

     Defendant.

_____/

## DEFENDANT, TOWER AIR, INC.'S
## REQUEST FOR ADMISSIONS

     Defendant, TOWER AIR, INC., by and through undersigned counsel, pursuant to Rule 1.370

of the Florida Rules of Civil Procedure, hereby requests Plaintiffs, Charles Brotstein, Regina Kula,

individually, and Joseph Kula, as the spouse of Regina Kula, to admit or deny the following requests

in accordance with the Florida Rules of Civil Procedure.

     1.    Admit that Plaintiff, Charles Brotstein, is seeking damages against Defendant in this

case in excess of $75,000.00.

     2.    Admit that Plaintiffs, Regina Kula and Joseph Kula, are seeking damages against

Defendant in this case in excess of $75,000.00.

     3.    Admit that on August 12, 1998, Plaintiff, Charles Brotstein was a resident of Broward

County, Florida.

CASE NO.: 99-19744 CACE 21

4.      Admit that on August 12, 1998, Plaintiff, Charles Brotstein was a citizen of the State of Florida.

5.      Admit that on August 12, 1998, Plaintiffs, Regina Kula and Joseph Kula, were residents of Broward County, Florida.

6.      Admit that on August 12, 1998, Plaintiffs, Regina Kula and Joseph Kula, were citizens of the State of Florida.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this __9th__ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

Christopher Carlsen, Esq.
CONDON & FORSYTH
Attorneys for Defendant
685 Third Avenue
Fourteenth Floor
New York, New York 10017
Tel.: (212) 490-9100

-and-

THORNTON, DAVIS & MURRAY, P. A.
Attorneys for Defendant
80 S.W. 8th Street, Suite 2900
Miami, Florida  33130
Tel:  (305) 446-2646/Fax:  (305) 441-2374

By: _____
ANA MARIA MARIN
Florida Bar No. 823007
MANUEL A. GURDIAN
Florida Bar No. 162825

2



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

     Plaintiffs,

v.

TOWER AIR, INC.

     Defendant.

_____/

## DEFENDANT'S
## NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO
## PLAINTIFF, CHARLES BROTSTEIN

Defendant, TOWER AIR, INC. (hereinafter "Defendant"), pursuant to Rule 1.340 of the

Florida Rules of Civil Procedure, hereby propounds the following interrogatories (numbered 1

through 23) to be answered under oath within thirty (30) days by Plaintiff, CHARLES BROTSTEIN,

in accordance with the Florida Rules of Civil Procedure.

CASE NO.: 99-19744 CACE 21

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this _9th_ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida 33130
> Tel: (305) 446-2646
> Fax: (305) 441-2374
>
> By: _Ana Maria Marin_
> ANA MARIA MARIN
> Florida Bar No. 823007
> MANUEL A. GURDIAN
> Florida Bar No. 162825

H:\LIBRARY\51564\DISCOVER\BROTSTEIN INT

2



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA, individually, and JOSEPH KULA, as the spouse of REGINA KULA,

      Plaintiffss,

v.

TOWER AIR, INC.

      Defendant.

_____/



## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF, CHARLES BROTSTEIN

Defendant, TOWER AIR, INC. (hereinafter "Defendant"), by and through undersigned counsel, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests Plaintiff, CHARLES BROTSTEIN (hereinafter "Plaintiffs"), to produce for inspection, copying and/or photographing within thirty (30) days, in accordance with the Florida Rules of Civil Procedure, the following:

1.    A copy of the passenger ticket for the flight at issue in this case.

2.    Any and all medical and hospital records, reports, and bills to date, generated as a result of the accident described in Plaintiff's Complaint.

3.    Any and all medical and hospital records, reports, and bills, generated by any health care and/or medical provider as a result of any treatment to the Plaintiff other than treatment for the accident alleged in the Complaint, for the past ten (10) years.

CASE NO.: 99-19744 CACE 21

4.      Any and all tax returns and W-2 statements for the years 1990 to the present.

5.      Any and all photographs of the Plaintiff and/or scene of the accident, or any other photograph which is relevant to the Plaintiff's claim.

6.      Any and all documents evidencing benefits paid by third parties to the Plaintiff as a result of this accident, including but not limited to medical, disability, or worker's compensation benefits.

7.      Any and all tangible evidence, including but not limited to all documents, exhibits, diagrams, or charts, the Plaintiff expects to use at trial.

8.      Any and all statements, records, reports or oral statements previously made any of the Defendant, or these Defendant's agents, servants or employees, referable to any matter material in this cause.

9.      Reports of any and all "expert" witnesses employed or retained by you, your agents, servants, or attorneys prepared in support of your claim for damages herein, who are expected to testify at the time of trial pursuant to *Mims v. Casademont*, 464 So. 2d 643 (Fla. 3d DCA 1985).

10.     Any and all other documents in the possession, custody or control of the Plaintiff demonstrating that the Defendant is liable for the damages being claimed in this case.

11.     Any and all statements of independent witnesses, as well as the Plaintiff, bearing knowledge of facts relevant and material to the claims and defenses in the instant litigation as well as the name and address of the person giving said statement.

THORNTON, DAVIS & MURRAY, P.A., ATTORNEYS AT LAW
BRICKELL BAY VIEW CENTRE, SUITE 2900, 80 SOUTHWEST 8ᵗʰ STREET, MIAMI, FLORIDA 331JC · TELEPHONE (305) 446-2646

CASE NO.: 99-19744 CACE 21

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this _9th_ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida 33130
> Tel: (305) 446-2646
> Fax: (305) 441-2374
>
> By: _____
> ANA MARIA MARIN
> Florida Bar No. 823007
> MANUEL A. GURDIAN
> Florida Bar No. 162825

H:\Library\51647\discover\brotstein rfp.wpd

3



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

      Plaintiffs,

v.

TOWER AIR, INC.

      Defendant.

_____/

## DEFENDANT'S
### NOTICE OF SERVICE OF FIRST SET OF INTERROGATORIES TO
### PLAINTIFF, REGINA KULA

    Defendant, TOWER AIR, INC. (hereinafter "Defendant"), pursuant to Rule 1.340 of the

Florida Rules of Civil Procedure, hereby propounds the following interrogatories (numbered 1

through 23) to be answered under oath within thirty (30) days by Plaintiff, REGINA KULA,  in

accordance with the Florida Rules of Civil Procedure.

CASE NO.: 99-19744 CACE 21

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this _9th_ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida 33130
> Tel: (305) 446-2646
> Fax: (305) 441-2374
>
> By: _____
> ANA MARIA MARIN
> Florida Bar No. 823007
> MANUEL A. GURDIAN
> Florida Bar No. 162825

H:\LIBRARY\51564\DISCOVER\RKULA INT

2



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

     Plaintiffs,

v.

TOWER AIR, INC.

     Defendant.

_____/

### DEFENDANT'S
### NOTICE OF SERVICE OF LOSS OF CONSORTIUM
### INTERROGATORIES TO PLAINTIFF, JOSEPH KULA

Defendant, TOWER AIR, INC., pursuant to Rule 1.340 of the Florida Rules of Civil

Procedure, propounds the following loss of consortium interrogatories (numbered 1 - 17), including

each and every subpart, to be answered under oath within thirty (30) days by Plaintiff, JOSEPH

KULA, in accordance with the Florida Rules of Civil Procedure.

CASE NO.: 99-19744 CACE 21

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

mail this _9th_ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A.,

8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida 33130
> Tel: (305) 446-2646
> Fax: (305) 441-2374
>
> By: _Ana Maria Marin_
> ANA MARIA MARIN
> Florida Bar No. 823007
> MANUEL A. GURDIAN
> Florida Bar No. 162825

H:\LIBRARY\51647\DISCOVER\KULA INT

2



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA, individually, and JOSEPH KULA, as the spouse of REGINA KULA,

     Plaintiffs,

v.

TOWER AIR, INC.

     Defendant.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS, REGINA KULA AND JOSEPH KULA

Defendant, TOWER AIR, INC. (hereinafter "Defendant"), by and through undersigned counsel, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, hereby requests Plaintiffs, REGINA KULA and JOSEPH KULA (hereinafter "Plaintiffs"), to produce for inspection, copying and/or photographing within thirty (30) days, in accordance with the Florida Rules of Civil Procedure, the following:

1.    A copy of the passenger ticket for the flight at issue in this case.

2.    Any and all medical and hospital records, reports, and bills to date, generated as a result of the accident described in Plaintiffs' Complaint.

3.    Any and all medical and hospital records, reports, and bills, generated by any health care and/or medical provider as a result of any treatment to the Plaintiff, REGINA KULA, other than treatment for the accident alleged in the Complaint, for the past ten (10) years.

CASE NO.: 99-19744 CACE 21

4.    Any and all tax returns and W-2 statements for the years 1990 to the present.

5.    Any and all photographs of the Plaintiffs and/or scene of the accident, or any other photograph which is relevant to the Plaintiffs' claim.

6.    Any and all documents evidencing benefits paid by third parties to the Plaintiffs as a result of this accident, including but not limited to medical, disability, or worker's compensation benefits.

7.    Any and all tangible evidence, including but not limited to all documents, exhibits, diagrams, or charts, the Plaintiffs expects to use at trial.

8.    Any and all statements, records, reports or oral statements previously made any of the Defendant, or these Defendant's agents, servants or employees, referable to any matter material in this cause.

9.    Reports of any and all "expert" witnesses employed or retained by you, your agents, servants, or attorneys prepared in support of your claim for damages herein, who are expected to testify at the time of trial pursuant to *Mims v. Casademont*, 464 So. 2d 643 (Fla. 3d DCA 1985).

10.    Any and all other documents in the possession, custody or control of the Plaintiffs demonstrating that the Defendant is liable for the damages being claimed in this case.

11.    Any and all statements of independent witnesses, as well as the Plaintiffs, bearing knowledge of facts relevant and material to the claims and defenses in the instant litigation as well as the name and address of the person giving said statement.

2

CASE NO.: 99-19744 CACE 21

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this _9th_ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida 33130
> Tel: (305) 446-2646
> Fax: (305) 441-2374
>
> By: _____
> ANA MARIA MARIN
> Florida Bar No. 823007
> MANUEL A. GURDIAN
> Florida Bar No. 162825

H:\Library\51647\discover\kula rfp.wpd

3



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

       Plaintiffs,

v.

TOWER AIR, INC.

       Defendant.

_____/



## DEFENDANT, TOWER AIR, INC.'S
## NOTICE OF FILING
## <u>NOTICE OF REMOVAL</u>

       Defendant, TOWER AIR, INC., gives notice to this Court that the undersigned has on this

date filed with the Clerk of the United States District Court, Southern District of Florida, Ft.

Lauderdale Division, a Notice of Removal of this case (with copies of all process, pleadings and

other papers served to date in the state court action attached thereto), and further files a <u>copy</u> of the

Notice of Removal with the Clerk of the County of the Seventeenth Judicial Circuit in and for

Broward County, Florida. A copy of the Notice of Removal is attached hereto as Exhibit "A".

CASE NO.: 99-19744 CACE 21

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S.

mail this ___*16*___ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A.,

8125 S.W. 120th Street, Miami, Florida 33156.

> Christopher Carlsen, Esq.
> CONDON & FORSYTH
> Attorneys for Defendant
> 685 Third Avenue
> Fourteenth Floor
> New York, New York 10017
> Tel.: (212) 490-9100
>
> -and-
>
> THORNTON, DAVIS & MURRAY, P. A.
> Attorneys for Defendant
> Suite 2900 - Brickell Bay View Centre
> 80 S.W. 8th Street
> Miami, Florida  33130
> Tel:  (305) 446-2646
> Fax:  (305) 441-2374
>
> By: _____
> ANA MARIA MARIN
> Florida Bar No. 823007
> MANUEL A. GURDIAN
> Florida Bar No. 162825

H:\Library\51647\plead\notice fil.wpd

2



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

     Plaintiffs,

vs.

TOWER AIR, INC.,

     Defendant.
_____/

## PLAINTIFFS' RESPONSE TO DEFENDANT'S AFFIRMATIVE DEFENSES

    The Plaintiffs, CHARLES BROTSTEIN, REGINA KULA, individually, and

JOSEPH KULA, as the spouse of REGINA KULA,  by and through the undersigned

attorney hereby respond to Defendant's Affirmative Defenses contained in Plaintiff's

Answer and Affirmative Defenses propounded on December 9, 1999, and states as

follows:

    1.    The Plaintiff hereby denies any and all Affirmative Defenses put forth by
the defendant.

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed

this __20__ day of December 1999, to: Christopher Carlsen, Esq., 685 Third Avenue, 14th

Floor, New York, NY 19917 and Ana Maria Marin, Esq., Suite 2900-Brickell Bay View

Centre, 80 SW 8th Street, Miami, FL 33130.

BERNSTEIN AND MARYANOFF, P.A.s
Attorneys for Plaintiff
8125 SW 120th Street
Miami, FL 33156
(305) 253-1000
(305) 235-9191


NEIL M. GONZALEZ, ESQ.



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

     Plaintiffs,

vs.

TOWER AIR, INC.,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE

The plaintiffs, CHARLES BROTSTEIN, REGINA KULA, individually, and

JOSEPH KULA, as the spouse of REGINA KULA, pursuant to F.R.C.P. 1.350(a)(1)

requests defendant, TOWER AIR, to produce and permit the plaintiffs to inspect, copy,

test, sample or photograph the following documents, writings, drawings, graphs, charts,

photographs, phono- records or other data compilations from which information can be

obtained:

**NOTE: THIS REQUEST ENCOMPASSES COMPUTER RECORDS, i.e., DATA
MAINTAINED IN YOUR COMPUTER SYSTEM. PLEASE PROVIDE
PAPER PRINTOUTS OR ARRANGE A CONVENIENT TIME FOR US
TO VIEW THE RECORDS ON YOUR COMPUTER TERMINALS.**

1.    DECLARATIONS PAGE FOR ALL LIABILITY INSURANCE POLICIES
WHICH COVERED THE PREMISE OWNED AND/OR MAINTAINED BY
DEFENDANT(S) WHICH WAS THE SITE OF THE ACCIDENT AT ISSUE IN
THIS LAWSUIT IN EFFECT ON THE DAY OF THE ACCIDENT.

2.    DECLARATIONS PAGE FOR ALL LIABILITY AND PHYSICAL DAMAGE
      INSURANCE *POLICIES* WHICH COVERED DEFENDANT(S). ON THE
      DAY OF THE ACCIDENT AT ISSUE IN THIS LAWSUIT.

3.    ALL PHOTOGRAPHS OF THE ACCIDENT SCENE.

4.    ALL STATEMENTS OF PLAINTIFF.

5.    ALL NAMES AND ADDRESSES OF ANY THIRD-PARTY WITNESSES TO
      THE SUBJECT ACCIDENT.

6.    ALL EXPERT REPORTS PREPARED BY ANY EXPERT WITNESS YOU
      INTEND TO CALL AT TRIAL AND ALL DOCUMENTS WHICH ANY
      EXPERT RELIED UPON IN RENDERING SAID REPORT.

7.    ALL MEDICAL RECORDS OF PLAINTIFF.

8.    ALL MEDICAL BILLS OF PLAINTIFF.

9.    ALL LOGS OR OTHER RECORD WHICH WOULD REFLECT THE TIMES
      THAT MAINTENANCE OF THE DEFENDANT'S AIRCRAFT UPON WHICH
      THE SUBJECT ACCIDENT TOOK PLACE, WHETHER ORDINARY AND
      REGULAR MAINTENANCE, OR EXTRAORDINARY AND OUTSIDE OF
      SCHEDULE. THIS REQUEST IS MADE FOR THE PERIOD OF TIME ONE-
      YEAR PRECEDING PLAINTIFFS' ACCIDENT AND IMMEDIATELY
      FOLLOWING PLAINTIFFS' ACCIDENT UP UNTIL THE DATE OF THIS
      REQUEST.

10.   ALL RECORDS WHICH WOULD REFLECT THE NAMES AND
      ADDRESSES OF THE INDIVIDUALS WHO PERFORMED SAID
      MAINTENANCE SET FORTH IN 9 ABOVE.

11.   ALL MEMORANDA AND OTHER DOCUMENTS WHICH DEAL WITH
      PLAINTIFFS' INCIDENT AND THE AIRCRAFT WHERE PLAINTIFFS'
      ACCIDENT TOOK PLACE.

12.   ANY RECORD THAT WOULD REFLECT THE CURRENT ADDRESS OF
      EMPLOYEES OF THE DEFENDANT WHO PERFORMED MAINTENANCE
      ON THE DATE OF PLAINTIFFS' ACCIDENT.

13.   TIME CARD OR ANY OTHER RECORDS THAT WOULD REFLECT TIMES
      EMPLOYEES MENTIONED AT (12) ABOVE ENTERED WORK AND LEFT
      WORK ON THE WEEK OF PLAINTIFFS' ACCIDENT.

14.   COPY OF CORRESPONDENCE, WRITING, COMPUTER GENERATED
      PRINT-OUT, OR ANY OTHER DOCUMENT THAT REFLECTS INCIDENTS

OF CLAIMS AGAINST THE DEFENDANT AND PARTIES THERETO, FOR SIMILAR ACCIDENTS WHICH IS THE SUBJECT OF THIS LITIGATION, WITHIN THREE (3) YEARS PRIOR AND/OR SUBSEQUENT TO THIS LITIGATION.

15.    PAYROLL TAX RECORD REFLECTING EMPLOYEES OF DEFENDANT ON THE DATE OF PLAINTIFFS' ACCIDENT.

16.    ANY PHOTOGRAPH DEFENDANT INTENDS TO UTILIZE AT TIME OF TRIAL.

17.    LAYOUT, BLUEPRINT AND/OR OTHER SCHEMATIC DESIGN OF THE DEFENDANT'S AIRCRAFT AND SPECIFICALLY THE AREA IN, WHICH PLAINTIFF'S ALLEGED ACCIDENT OCCURRED.

18.    ORGANIZATIONAL FLOW-CHART FOR DEFENDANT'S BUSINESS ENTITY.

19.    DEFENDANT'S LEASE OR OWNERSHIP DOCUMENTS, FOR THE AIRCRAFT, THAT IS SUBJECT OF THIS LITIGATION.

20.    ALL CONTRACTS THAT WOULD INDICATE ANY OTHER PARTY WHO HAD CONTROL OF OR A DUTY TO MAINTAIN THE AIRCRAFT IN, WHICH THE SUBJECT ACCIDENT OCCURRED. (i.e. if the area was a parking lot, any contract, which indicates maintenance of the parking lot, is the joint and/or sole responsibility of another entity; etc.).

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed

this _20_ day of December 1999, to: Christopher Carlsen, Esq., 685 Third Avenue, 14th

Floor, New York, NY 19917 and Ana Maria Marin, Esq., Suite 2900-Brickell Bay View

Centre, 80 SW 8th Street, Miami, FL 33130.

> BERNSTEIN AND MARYANOFF, P.A.s
> Attorneys for Plaintiff
> 8125 SW 120th Street
> Miami, FL 33156
> (305) 253-1000
> (305) 235/9191
>
> NEIL M. GONZALEZ, ESQ.



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

     Plaintiffs,

vs.

TOWER AIR, INC.,

     Defendant.
_____/

## PLAINTIFFS' NOTICE OF FILING
## INTERROGATORIES TO DEFENDANT

     COME NOW the Plaintiffs, CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the spouse of REGINA KULA, and herein
propounds the following written interrogatories to the Defendant, TOWER AIR, INC., to
be answered under oath within thirty (30) days, in accordance with Fla. R. Civ. P. 1.340.

## CERTIFICATE OF SERVICE

     WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed
this _20_ day of December 1999, to: Christopher Carlsen, Esq., 685 Third Avenue, 14th
Floor, New York, NY 19917 and Ana Maria Marin, Esq., Suite 2900-Brickell Bay View
Centre, 80 SW 8th Street, Miami, FL 33130.

                            BERNSTEIN AND MARYANOFF, P.A.s
                            Attorneys for Plaintiff
                            8125 SW 120th Street
                            Miami, FL 33156
                            (305) 253-1000
                            (305) 255-9191

                        _____
                        NEY M. GONZALEZ, ESQ.



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### FT. LAUDERDALE DIVISION
Case No. 99-7645-CIV-LENARD/TURNOFF    99 - 19744 -21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA,
as the spouse of REGINA KULA,

      Plaintiffs,

vs.

TOWER AIR, INC., a foreign corporation,

      Defendants.

_____/

FILED by RG    D.C.

JAN 05 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

RECEIVED
CIRCUIT COUNTY COURT
BROWARD COUNTY FL.

00 JAN -6 PM 4: 27

CIRCUIT CIVIL

## ORDER REMANDING CASE PURSUANT TO 28 U.S.C. § 1447(C)

Defendant Tower Air, Inc. filed a Notice of Removal on December 16, 1999, from the

Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, Case

No. 99-019744 CA 21. Tower Air, Inc. alleges diversity jurisdiction in this court pursuant

to 28 U.S.C. § 1332. For the reasons discussed below, the Court finds no jurisdiction over

the subject mater of this case and therefore remands pursuant to 28 U.S.C. § 1447(C).

### I. Introduction

Plaintiffs Charles Brotstein, Regina Kula, and Joseph Kula brought this negligence

action in Florida state court against Defendant Tower Air, Inc., on or about November 18,

1999. In three counts, Plaintiffs allege common law negligence against Defendants for

negligently operating an airplane between Miami International Airport and John F. Kennedy

International Airport in New York City. Plaintiffs do not specify a damages claim, but seek

money damages for their alleged injuries. (See Compl. ¶¶ 1-21.)

*Copy to Judge*

The Notice of Removal filed by Tower Air, Inc. alleges diversity jurisdiction, but specifies only that in "settlement demands" counsel for the Plaintiff has requested money damages in excess of the jurisdictional minimum under 28 U.S.C. § 1332 (1994). The Notice of Removal is otherwise unaccompanied by any supporting documents, discovery material or other documentary evidence to demonstrate the amount of controversy exceeds the jurisdictional minimum.

## II. Analysis

Title 28, U.S.C. Section 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The burden of showing that jurisdiction exists rests upon the party seeking to remove the case from state court. See Burns v. Windsor Insurance Co., 31 F.3d 1092, 1094 (11th Cir. 1994). Furthermore, under Burns, where a plaintiff has provided an unspecified damages allegation, a removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds the minimum. See id. At base, a removing defendant must make some evidentiary showing to justify a preponderance of the evidence finding, where federal jurisdiction is not clear from the face of the complaint. See id.

"While a defendant does have a right, given by statute, to remove in certain situations, [the] plaintiff is still the master of his own claim." Burns, 31 F.3d at 1095. The defendant's burden of proof in a removal action is a heavy one, and the "[d]efendant's right to remove and [the] plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face,

2

satisfies the jurisdictional amount, removal statutes are construed narrowly." Id. at 1095.

Plaintiffs have stated negligence and loss of consortium claims against the Defendants, the operator of an airplane. Plaintiffs allege that "[o]n or about August 12, 1998, Plaintiffs were passserngers on Tower Air, Inc.'s flight 44, [from] Miami to New York's Kennedy Airport. At the time of landing the airliner's engines caught fire causing the plane to come to an abrupt stop, causing injury to the Plaintiffs." (Compl. ¶¶ 5-6.) Plaintiffs seek unspecified compensation for injuries that resulted. Tower Air, Inc. provides no evidence to support its allegation that the amount in controversy exceeds the minimum, other than arguing that "in settlement demands" Plaintiffs request more than $75,000.

The Court finds that diversity jurisdiction cannot be established from examining the allegations in the Complaint. See University of South Alabama v. American Tobacco Co., 168 F.3d 405, 411-12 (11th Cir. 1999). As the court explained in South Alabama,

> Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court. A presumption in favor of remand is necessary because if a federal court reaches the merits of a pending motion in a remand case where subject matter jurisdiction may be lacking it deprives a state court of its right under the Constitution to resolve controversies in its own courts.

Id. at 411 (citations omitted).

The Court finds that Plaintiffs have stated an unspecified amount of damages in the Complaint, and that Tower Air, Inc. must therefore establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. The Court further finds that

3

Defendants have introduced no documentary evidence to this effect and therefore removal was improper.

In sum, Tower Air, Inc. has removed this case based on argument alone. As the Court has explained, a removing defendant may not simple allege federal jurisdiction. Without documentary evidence or a clear indication that federal jurisdiction is proper, removal is improper and the offending defendant faces the possible imposition of fees and costs. Here, the Court finds that this action was wrongfully removed from Florida state court and shall be remanded.

### III. Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** that this case is **REMANDED** to the Seventeenth Judicial Circuit in and for Broward County, Florida, pursuant to 28 U.S.C. § 1447(c). This case is closed. All motions not otherwise rules upon are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at the United States District Courthouse in Miami, Florida, this ___5___ day of December, 1999. 2000

JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

cc:
Ana Marin, Esq.
Thornton, Davis & Murray
80 S.W. 8th St., Ste. 2900
Miami, FL 33130

Neil Gonzalez, Esq.
Bernstein & Maryanoff, P.A.
8125 S.W. 120th St.
Miami, FL 33156

4

Certified to be a true and correct copy of the document on file
Clarence Maddox, Clerk,
U.S. District Court
Southern District of Florida
By
Deputy Clerk
Date    1/5/00

Ex-C



RECYCLED PAPER

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

      Plaintiffs,

v.

TOWER AIR, INC.

      Defendant.

_____/

## DEFENDANT, TOWER AIR, INC.'S
## REQUEST FOR ADMISSIONS

      Defendant, TOWER AIR, INC., by and through undersigned counsel, pursuant to Rule 1.370

of the Florida Rules of Civil Procedure, hereby requests Plaintiffs, Charles Brotstein, Regina Kula,

individually, and Joseph Kula, as the spouse of Regina Kula, to admit or deny the following requests

in accordance with the Florida Rules of Civil Procedure.

      1.     Admit that Plaintiff, Charles Brotstein, is seeking damages against Defendant in this

case in excess of $75,000.00.

      2.     Admit that Plaintiffs, Regina Kula and Joseph Kula, are seeking damages against

Defendant in this case in excess of $75,000.00.

      3.     Admit that on August 12, 1998, Plaintiff, Charles Brotstein was a resident of Broward

County, Florida.

CASE NO.: 99-19744 CACE 21

4.     Admit that on August 12, 1998, Plaintiff, Charles Brotstein was a citizen of the State of Florida.

5.     Admit that on August 12, 1998, Plaintiffs, Regina Kula and Joseph Kula, were residents of Broward County, Florida.

6.     Admit that on August 12, 1998, Plaintiffs, Regina Kula and Joseph Kula, were citizens of the State of Florida.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by U.S. mail this ___9th___ day of December, 1999 to: Neil M. Gonzalez, Esq., Bernstein & Maryanoff, P.A., 8125 S.W. 120th Street, Miami, Florida 33156.

Christopher Carlsen, Esq.
CONDON & FORSYTH
Attorneys for Defendant
685 Third Avenue
Fourteenth Floor
New York, New York 10017
Tel.: (212) 490-9100

-and-

THORNTON, DAVIS & MURRAY, P. A.
Attorneys for Defendant
80 S.W. 8th Street, Suite 2900
Miami, Florida  33130
Tel:  (305) 446-2646/Fax:  (305) 441-2374

By:_____
ANA MARIA MARIN
Florida Bar No. 823007
MANUEL A. GURDIAN
Florida Bar No. 162825

2

--UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 99-7645-CIV-LENARD/TURNOFF

CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA, as the
spouse of REGINA KULA,

       Plaintiffs,

vs.

TOWER AIR, INC.,

       Defendant.
_____/

## PLAINTIFFS' ANSWERS TO DEFENDANT'S REQUEST FOR ADMISSIONS

Plaintiffs, CHARLES BROTSTEIN, REGINA KULA individually, and JOSEPH

KULA, as the spouse of REGINA KULA, by and through the undersigned attorney, hereby

files this Answer to Defendant's Request For Admissions propounded on December 9, 1999,

as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.    Admitted.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was mailed

this _27_ day of December 1999, to: Christopher Carlsen, Esq., 685 Third Avenue, 14th

Floor, New York, NY 19917 and Ana Maria Marin, Esq., Suite 2900-Brickell Bay View

Centre, 80 SW 8th Street, Miami, FL 33130.

BERNSTEIN AND MARYANOFF, P.A.s
Attorneys for Plaintiff
8125 SW 120th Street
Miami, FL 33156
(305) 253-1000
(305) 235-9191


NEILA M. GONZALEZ, ESQ.

Ex - D



RECYCLED PAPER



IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO.: 99-19744 CACE 21

----------------------------------------x
                                        :
CHARLES BROTSTEIN, REGINA KULA,
individually, and JOSEPH KULA,          :
as the spouse of REGINA KULA,
                                        :
                 Plaintiffs,            **AFFIDAVIT OF PHILIP R.**
                                        : **BROOKMEYER**
          - against -
                                        :
TOWER AIR, INC.
                                        :
                 Defendant.
                                        :
----------------------------------------x

STATE OF NEW YORK    )
                     ):ss
COUNTY OF Queens     )

        Before me, the undersigned authority, personally

appeared, Philip R. Brookmeyer, who after being duly sworn,

deposes and states:

        1.   My name is Philip R. Brookmeyer.  I am over 21

years of age and am otherwise competent to make this

affidavit.

        2.   I am employed as *VICE PRESIDENT - LEGAL*  for Tower

Air, Inc.

3.    I have personal knowledge of the facts set forth in this affidavit and I submit this affidavit in support of Defendant, Tower Air, Inc.'s Notice of Removal.

4.    At all relevant times, Tower Air, Inc. has been a company incorporated under the laws of the State of Delaware with its principal place of business in the State of New York.

5.    Tower Air, Inc. has never been incorporated under the laws of the State of Florida.  Tower Air, Inc.'s principal place of business is not in the State of Florida.

FURTHER AFFIANT SAYETH NAUGHT.


_____
Philip R. Brookmeyer

SWORN TO AND SUBSCRIBED before me this 10 day of December, 1999

PAMELA LICITRA
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN QUEENS COUNTY
NO. A1-4748198
COMMISSION EXPIRES JUNE 30, 2001

_____
NOTARY PUBLIC

Pamela Licitra
Print Name of Notary Public
Commission No.:
My Commission Expires:

- 2 -

JS 44
(Rev. 07/89)

## CIVIL COVER SHEET

00-6123

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Charles Brotstein, Regina Kula, individually and Joseph Kula, as the spouse of Regina Kula

DEFENDANTS    CIV-GRAHAM    MAGISTRATE JUDGE TURNOFF

Tower Air, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Broward County, Florida

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Queens County, N.Y.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Neil M. Gonzalez, Esq.
Bernstein & Maryanoff, P.A.
8125 S.W. 120th Street
Miami, Florida 33156
(305) 253-1000

ATTORNEYS (IF KNOWN)
Ana Maria Marin, Esq.
Thornton, Davis & Murray, P.A.
80 S.W. 8th Street, Suite 2900
Miami, Florida 33130
(305) 446-2646

**II. BASIS OF JURISDICTION** (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Broward 0:00cv6123) DLG/WCT

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. § 1332

Plaintiffs and defendants are citizens of different states and Plaintiffs have admitted through Request for Admissions (attached to the Notice of Removal) that the amounts in controversy exceed $75,000.00.

**V. NATURE OF SUIT** (PLACE AN × IN ONE BOX ONLY)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
☒ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury—Med Malpractice
☐ 365 Personal Injury—Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt Relations
☐ 730 Labor/Mgmt Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Other

**VI. ORIGIN** (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
IF ANY    JUDGE _____    DOCKET NUMBER _____

DATE
January 26, 2000

SIGNATURE OF ATTORNEY OF RECORD
Ana Maria Marin

UNITED STATES DISTRICT COURT

Receipt# 816099
1/26/00    $150.00